## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

**DEBORAH LAUFER, Individually,**

**Plaintiff,**

v**.**                                                           **Case No.**

**JAI GURUDEV LLC,**

**Defendant.**

_____/

## COMPLAINT
### (Injunctive Relief Demanded)

   Plaintiff, DEBORAH LAUFER. Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, JAI GURUDEV LLC, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et. seq., ("ADA").

1.  Plaintiff is a resident of Alachua County, Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly

grasp, pinch and twist of the wrist to operate. Plaintiff is also vision impaired. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair. Plaintiff requires accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access aisles must be of sufficient width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height SO that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance.

2.      Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring,

ensuring, and determining whether places of public accommodation and their

websites are in compliance with the ADA.

3.      According to the county property records, Defendant owns a place of

public accommodation as defined by the ADA and the regulations implementing

the ADA. 28 CFR 36.201(a) and 36.104. The place of public accommodation that

the Defendant owns is a place of lodging known as University Inn & Suites

Tallahassee, and is located at 691 W Tennessee St, Tallahassee, Florida in the

County of Leon, (hereinafter "Property").

4.      Venue is properly located in the Northern District of Florida because the

injury occurred in this district.

5.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been

given original jurisdiction over actions which arise from the Defendant's

violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181

et seq. See also 28 U.S.C. § 2201 and § 2202.

6.      As the owner of the subject place of lodging, Defendant is required to

comply with the ADA. As such, Defendant is required to ensure that it's place of

lodging is in compliance with the standards applicable to places of public

accommodation. as set forth in the regulations promulgated by the Department of

Justice. Said regulations are set forth in the Code Of Federal Regulations, the

Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the

2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

7.      More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement:

Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

8.      These regulations became effective March 15, 2012.

9.      Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains websites for the Property which contains an online reservations system. These websites are located at:

https://www.universityinntallahassee.com/.This term also includes all other websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel:

https://gc.synxis.com/rez.aspx?Hotel=74029&Chain=20592,

https://www.booking.com/hotel/us/university-inn-and-suites-tallahasee.html,

https://www.agoda.com/university-inn-and-suites-tallahassee_4/hotel/tallahassee-fl-us.html?cid=1835546, and

https://www.priceline.com/relax/at/42154/from/20191014/to/20191015/rooms/1/?preferredhotelids=42154. The purpose of these websites is so that members of the public may reserve guest accommodations and review information pertaining to

the goods, services, features, facilities, benefits, advantages, and accommodations
of the Property. As such, these websites are subject to the requirements of 28
C.F.R. Section 36.302(e).

10.     Prior to the commencement of this lawsuit, specifically on October 1, 2019,
while in her own home,  Plaintiff visited the websites for the purpose of reviewing
and assessing the accessible features at the Property and ascertain whether they
meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs.
However, Plaintiff was unable to do so because Defendant failed to comply with
the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff
was deprived the same goods, services, features, facilities, benefits, advantages,
and accommodations of the Property available to the general public. Specifically:

11.     The hotel's own website located at:

https://www.universityinntallahassee.com/. While the website made reference to a
room labeled "Queen Bed Smoking Handicap Access," there was no information
as to what makes this room accessible. No information was given as to whether or
where it offers compliant/accessible roll-in showers, tubs, built in seating,
commodes, grab bars, sinks, wrapped pipes, sink and door hardware, properly
located amenities, sufficient maneuvering spaces, compliant doors, furniture,
controls and operating mechanisms. The website does not contain any information
as to whether all goods, facilities and services at the property are connected by a

compliant accessible route, nor does the website contain any information as to the accessibility of routes connecting all the features of the hotel, the transaction counter, parking, and common area restrooms. The website does not give any information as to whether accessible rooms are on the ground floor or if an elevator is provided within an accessible route. The website and third party booking sites indicate that the hotel has free public parking, vending machine, and that there is no information as to whether any or all of these hotel features are accessible.

12.    The third party booking site located at

https://www.booking.com/hotel/us/university-inn-and-suites-tallahasee.html: had no option to book an accessible room. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statement "Facilities for disabled guests".

13.    The third party booking site located at https://www.agoda.com/university-inn-and-suites-tallahassee_4/hotel/tallahassee-fl-us.html?cid=1835546: did not have any option to book an accessible room. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than the statement "Facilities for disabled guests".

14.    The third party booking site located at

https://www.priceline.com/relax/at/42154/from/20191014/to/20191015/rooms/1/?
preferredhotelids=42154: had no option to book an accessible room. Hotel

amenities, room types and amenities are all listed in detail. No information was

given about accessibility in the hotel other than the statements "Handicapped

rooms/facilities".

15.    In the near future, Plaintiff intends to revisit Defendant's websites and/or

online reservations systems in order to test them for compliance with 28 C.F.R.

Section 36.302(e) and/or to utilize the websites to reserve a guest room and

otherwise avail herself of the goods, services, features, facilities, benefits,

advantages, and accommodations of the Property.

16.    Plaintiff is continuously aware that the subject websites remain non-

compliant and that it would be a futile gesture to revisit the websites as long as

those violations exist unless she is willing to suffer additional discrimination.

17.    The violations present at Defendant's websites infringe Plaintiffs right to

travel free of discrimination and deprive her of the information required to make

meaningful choices for travel. Plaintiff has suffered, and continues to suffer,

frustration and humiliation as the result of the discriminatory conditions present at

Defendant's website. By continuing to operate the websites with discriminatory

conditions, Defendant contributes to Plaintiffs sense of isolation and segregation

and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to return to the websites unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining a websites with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public. Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

18.    Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remain in compliance.

19.    Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these websites. Plaintiff has reasonable grounds to believe that she will

continue to be subjected to discrimination in violation of the ADA by the Defendant.

20.    The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

21.    The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

22.    Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

23.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject websites to make them readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

b.    Injunctive relief against the Defendant including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement.

C.     An award of attorney's fees, costs and litigation expenses pursuant to 42

U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable

under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

> _/s/Philip Michael Cullen, III_
> Fla. Bar No: 167853
> PHILIP MICHAEL CULLEN, III
> Attorney-at-Law—Chartered
> 621 South Federal Highway, Suite Four
> Fort Lauderdale, Florida 33301
> Telephone: (954) 462-0600
> Facsimile: (954) 462-1717
> e-mail: CULLENIII@aol.com